United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-13-241 |
| | § | |
| MARIO EUGENIO GONZALEZ-GARCIA | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Docket Entry No. 52). The Court stayed the case pending issuance of mandate by the Fifth Circuit Court of Appeals in *United States v. Gonzalez-Longoria*, No. 15-40041. Mandate issued in *Gonzalez-Longoria* on August 5, 2016.

The Government has filed a motion to dismiss the section 2255 motion (Docket Entry No. 62). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court may dismiss a section 2255 motion without a response where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

In his section 2255 motion, defendant argues that the definition of "crime of violence" utilized in his case is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). His grounds for application of *Johnson* are unclear, as the decision has no direct relevance to the statutory provisions involved in his case. To the extent he contends that the definition of "crime of violence" appearing in 18 U.S.C. § 16(b) is unconstitutionally

vague by extension of *Johnson*, his argument is foreclosed by *Gonzalez-Longoria*.[1] In *Gonzalez-Longoria*, the Fifth Circuit held that the definition of "crime of violence" under 18 U.S.C. § 16(b) "is not unconstitutionally vague." *Gonzalez-Longoria*, 2016 WL 4169127, at *1. Consequently, it plainly appears to the Court that defendant is not entitled to relief, and his section 2255 motion will be denied and dismissed with prejudice.

The Court's stay (Docket Entry No. 59) is LIFTED and the Government's motion to dismiss (Docket Entry No. 62) is GRANTED. Defendant's section 2255 motion (Docket Entry No. 52) is DENIED and DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED.

Signed at Houston, Texas on October 3, 2016.

                    Gray H. Miller
                    United States District Judge

---

[1] In his section 2255 motion, defendant cited and relied on the Fifth Circuit's original opinion in *Gonzalez-Longoria*, which was withdrawn and replaced by the Court's opinion of August 5, 2016.